## JOHNS v. SHREVEPORT RYS. CO.
### No. 5852.

Court of Appeal of Louisiana.
Second Circuit.
March 31, 1939.

John A. Richardson and Philip H. Mecom, both of Shreveport, for appellant.

Wise, Randolph, Rendall & Freyer, of Shreveport, for appellee.

DREW, Judge.

Plaintiff instituted this suit for damages for personal injuries he received when struck by an outbound trackless trolley operated by defendant. He contends that he was walking on the right side of Milam Street in the city of Shreveport on his way home, when an outbound Lakeside trolley struck him from behind and knocked him down; that he was walking as close to the curb as possible, in fact, so close that his right foot scraped the curb every time he took a step. Plaintiff charges defendant with negligence in not keeping a proper lookout, speeding and not sounding the alarm with which the trolley was equipped.

The defense is that plaintiff was crossing the street and suddenly came from behind an inbound trolley which was in the act of passing the outbound one which struck plaintiff; that when plaintiff came from behind the inbound trolley and saw the outbound one was so close to him, he ran and jumped in his efforts to cross in front of the trolley; that the brakes were immediately applied and the trolley brought to a stop within ten or twelve feet, however, not quickly enough to prevent colliding with plaintiff.

The lower court, after hearing the testimony, rejected plaintiff's demands and he is prosecuting this appeal.

The case involves only questions of fact and in such instances we necessarily give great weight to the judgment of the lower court.

Plaintiff and three witnesses, one his wife's sister, and the other two being neighbors, testified that plaintiff was walking down the right side of the street near the curb when he was run down by the trolley; that he was using the street because there were no paved or graveled sidewalks in this locality, and the ground on either side of the street was muddy and covered with rain water; that it was a custom of the people in the neighborhood to walk in the street when the sidewalks were wet and muddy. The motorman and one witness, who was a passenger on the trolley, are positive that plaintiff was not walking down the street next to the curb, as he and his witnesses testified, but that he was attempting to cross from the left to the right side of the street; that he suddenly, without warning, ran out from behind the inbound trolley directly into the path of the outbound one, so close to it that it was impossible for the motorman to stop it before plaintiff was struck.

Plaintiff's sister-in-law, who corroborates his testimony, claims she was standing in front of plaintiff's home and the accident occurred directly in front of her. The reason she gave for being there was that she had been visiting her sister, plaintiff's wife, and was in the act of leaving for her own home. Plaintiff's wife testified, but nowhere in her testimony does she state that her sister had been to see her that night. She testified she heard the impact and immediately rushed out to where her husband was in the street. She never mentioned her sister being present.

Another woman witness for plaintiff claims she was preparing to retire in her own home next to plaintiff's. She had on her night clothes and, by chance, looked out of the window in the second room from the front and saw plaintiff walking by the side of the curb, and then struck by the trolley.

The other woman witness, who lived near plaintiff's home on the same street, testified she had only a short time before bid her husband good-bye, as he left for work. She remained standing in her front door or on the porch looking for a friend she was expecting to come and visit her.

We must bear in mind this accident occurred at approximately 11:30 P. M. on November 16th. The witness who corroborated the motorman is clearly a disinterested one. He is engaged in the oil business and has no connection with defendant company. He happened to be the only white witness on the trolley at the time and was seated near the front, turned, so as to be facing anyone coming from the left to the right side of the street. His testimony convinces us he was telling the truth, as a disinterested witness. He is positive plaintiff was attempting to cross the street and that he came running from behind the inbound trolley directly into the path of the outbound one, and that the collision was then inevitable and unavoidable.

We are informed by the attorneys for both plaintiff and defendant that the lower court accepted this witness' testimony as true and based its decision thereon. We cannot say there is any error in so doing, and there is certainly no manifest error in the judgment of the lower court; it is therefore affirmed with costs.